IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

TIMOTHY M. HINDS                                                              PLAINTIFF
ADC #650268

V.                              NO.  2:08cv00086 JMM-JWC

PETER EDWARDS, et al                                                       DEFENDANTS

<u>PROPOSED FINDINGS AND RECOMMENDED DISPOSITION</u>

## I.  Instructions

The following recommended disposition has been sent to United States District
Court Judge James M. Moody.  Any party may serve and file written objections to this
recommendation.  Objections should be specific and should include the factual or legal
basis for the objection.  If the objection is to a factual finding, specifically identify that
finding and the evidence that supports your objection.  An original and two copies of your
objections must be received in the office of the United States District Court Clerk no later
than eleven (11) days from the date of these findings and recommendations.  A copy will
be furnished to the opposing party.  Failure to file timely objections may result in waiver of
the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different,
or additional evidence, and to have a hearing for this purpose before the District Judge,
you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge  (if such
        a  hearing is granted)  was not  offered at  the hearing before the Magistrate
        Judge.

3.      The detail of any testimony desired to be introduced at the hearing before
        the District Judge in the form of an offer of proof,  and a copy,  or the original,

of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR  72201-3325

## II. Recommended Disposition

On May 9, 2008, Plaintiff, a pro se inmate currently confined to the East Arkansas Regional Unit of the Arkansas Department of Correction, filed this 42 U.S.C. § 1983 civil rights action (doc. 3) along with a separate application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (doc. 1).  Plaintiff submitted the proper financial information in compliance with § 1915(a)'s requirements; accordingly, in forma pauperis status was granted.

Plaintiff's complaint was too vague to enable the Court to determine whether it was frivolous or failed to state a claim for relief under § 1915A.  For this reason, by order entered June 4, 2008 (doc. 5), Plaintiff was given thirty days to amend his complaint to specifically explain: 1) how Defendant Norris was personally involved in or had knowledge of the actions of which he complained; 2) how Defendant Norris violated his constitutional rights; and 3) whether he sued Defendants in an individual capacity, official capacity, or both.  In addition, Plaintiff was advised that his failure to make a timely and complete response to the Court's order to amend would result in the recommended dismissal of his case without prejudice.

2

The Court's June 4, 2008, order has not been returned and no responsive filing has been received from Plaintiff.  Furthermore, the Clerk has certified that a copy of the order was mailed to Plaintiff personally on June 4, 2008, at his last given address at the East Arkansas Regional Unit (see doc. 6).  This case should therefore be dismissed without prejudice due to Plaintiff's failure to prosecute the action diligently and his failure to respond to the Court's order.  Fed. R. Civ. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (district court has power to dismiss sua sponte under Rule 41(b)); Brown v. Frey, 806 F.2d 801, 803-04 (8th Cir. 1986) (quoting Haley v. Kansas City Star, 761 F.2d 489, 491 (8th Cir. 1985)) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order; such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff'") (emphasis added); Garrison v. Int'l Paper Co., 714 F.2d 757, 759 (8th Cir. 1983) (it is well settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

### III.  Conclusion

In accordance with the above, IT IS, THEREFORE, RECOMMENDED that:

1.      Plaintiff's case should be DISMISSED IN ITS ENTIRETY WITHOUT PREJUDICE.

2.      Any PENDING MOTIONS should be DENIED AS MOOT.

DATED this 23rd day of July, 2008.

_____
UNITED STATES MAGISTRATE JUDGE