**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

TIMOTHY M. HINDS
ADC # 650268                                                                                          PLAINTIFF

V.                                   CASE NO. 2:08CV00086 JMM/BD

PETER EDWARDS                                                                                   DEFENDANT

**RECOMMENDED DISPOSITION**

I.   **Procedure for Filing Objections:**

The following recommended disposition has been sent to United States District Court Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date you receive the Partial Recommended Disposition. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

II.     **Background**:

On May 9, 2008, Plaintiff, an inmate currently incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction ("ADC"), brought this action pro se under 42 U.S.C. § 1983, alleging that his constitutional rights have been violated (docket entry #3). Specifically, Plaintiff claims that Defendant Peter Edwards acted with deliberate indifference to his medical needs by initially refusing to prescribe for him the migraine medication Amitriptyline and then discontinuing his Amitriptyline prescription on two occasions. Plaintiff requests compensatory and punitive damages.[1]

Defendant Edwards has filed a Motion for Summary Judgment (#26), and Plaintiff has responded to the Motion (#31). In Defendant Edwards's Motion, he argues that Plaintiff essentially disagrees with the course of treatment he provided Plaintiff and, therefore, Plaintiff fails to state a constitutional claim, as a matter of law. The Court agrees. Defendant's Motion for Summary Judgment (#26) should be GRANTED. In addition, Plaintiff's pending Motion to Compel (#41) should be DENIED.

III.    **Discussion**:

   A.     *Summary Judgment Standard*

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact. FED. R.

---

[1] In his Complaint, Plaintiff originally named Larry Norris as a party Defendant. However, the Court previously dismissed all claims against Mr. Norris (#14).

CIV. P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 246 (1986). Once the moving party has successfully carried its burden under Rule 56(c), the nonmoving party has an affirmative burden to go beyond the pleadings and by depositions, affidavits, or otherwise, designate "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *Mosley v. City of Northwoods*, 415 F.3d 908, 910-11 (8th Cir. 2005) ("The nonmoving party may not 'rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.'" (quoting *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995))). If the opposing party fails to carry that burden or fails to establish the existence of an essential element of its case on which that party will bear the burden of proof at trial, summary judgment should be granted. See *Celotex,* 477 U.S. at 322. "Although it is to be construed liberally, a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

    B.    *Deliberate Indifference*

Prison officials or their agents violate the Eighth Amendment if they commit "acts or omissions sufficiently harmful to evidence deliberate indifference to [an inmate's] serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285 (1976). The Eighth Circuit Court of Appeals has interpreted this standard as including both an objective and a subjective component: "The [plaintiff] must demonstrate (1) that [he]

suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). "The prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).

Here, Plaintiff complains that Defendant Edwards acted with deliberate indifference to his medical needs by initially refusing to prescribe the migraine medication Amitriptyline for him, and then discontinuing his Amitriptyline prescription on two occasions. In his Motion for Summary Judgment, Defendant Edwards contends that Plaintiff essentially disagrees with the treatment he provided Plaintiff and, therefore, Plaintiff fails to state a constitutional claim. In support of his Motion, Defendant Edwards provides his sworn affidavit regarding the course of treatment provided to Plaintiff, as well as excerpts from Plaintiff's medical records.

Based upon the evidence provided, it appears that Defendant Edwards first evaluated Plaintiff on May 22, 2007. At that time, Plaintiff requested a prescription for Amitriptyline to treat depression. During that examination, Plaintiff also informed Defendant Edwards that he had attempted suicide a number of times. Defendant Edwards denied Plaintiff's request for Amitriptyline based upon the number of adverse reactions that could result from taking this medication, including suicidal thinking and behavior.

Defendant Edwards provided Plaintiff a prescription for Celexa.[2]  Defendant Edwards concluded that Plaintiff probably suffered from pedophilia and borderline personality disorder.[3]

Defendant Edwards next examined Plaintiff on September 14, 2007, two days after Plaintiff had attempted suicide.  At that time, Defendant Edwards discovered that a unit physician had provided Plaintiff an Amitriptyline prescription.  Defendant Edwards chose to discontinue the prescription based upon the number of adverse reactions possible and Plaintiff's suicidal tendencies.  Defendant Edwards also discontinued Plaintiff's Celexa prescription at that time based upon Plaintiff's statements that it was not effective and his own conclusion that medication could provide little help in treating Plaintiff's personality disorder.

Defendant Edwards examined Plaintiff twice in November 2007.  On November 15, 2007, Defendant Edwards learned that a nurse practitioner had provided Plaintiff

---

[2]  In his affidavit, Defendant Edwards states that he does not provide Amitriptyline in prison settings based upon the serious nature of this medication.  Defendant Edwards explains that an overdose of this drug "oftentimes result[s] in death" (#26-2 at p.2).

[3]  In his Complaint, Plaintiff alleges that after he told Defendant Edwards about his history of suicide attempts, Defendant Edwards stated "Ha! And you didn't succeed, what a shame!" (#3 at p.4).  This allegation was not addressed by either Defendant Edwards in his Motion for Summary Judgment or Plaintiff in his Response to the Motion for Summary Judgment.  However, even assuming that this statement was made, it is insufficient to support a constitutional claim under § 1983.  Verbal abuse and mere threatening language from prison officials are not actionable under § 1983.  See *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993); *Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir. 1992); and *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985).

another prescription for Amitriptyline. Defendant Edwards again discontinued the prescription based upon Plaintiff's risk of suicide. Again, Defendant Edwards concluded that Plaintiff's personality disorder did not lend itself to treatment through medication.

In his Motion for Summary Judgment, Defendant Edwards argues that he exercised his own medical judgment in treating Plaintiff. In doing so, he considered all relevant factors in determining what medications to administer to Plaintiff. The Eighth Circuit Court of Appeals has specifically stated that "[p]rison doctors remain free to exercise their independent medical judgment." *Dulany*, 132 F.3d at 1240 (citing *Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996)). See also *Givens v. Jones*, 900 F2.d 1229, 1232 (8th Cir. 1990) (prison doctors "must make treatment decisions on the basis of a multitude of factors, only one of which is the patient's input"). Further, although other medical personnel provided Amitriptyline for Plaintiff, such a disagreement in treatment does not establish a constitutional violation.[4] See *Noll v. Petrovky*, 828 F.2d 461, 462 (8th Cir. 1987) (stating that disagreement between physicians regarding treatment "raises question of medical judgment; it does not show deliberate indifference"). In addition, Plaintiff has failed to provide any evidence that the medical treatment Defendant Edwards provided was "grossly incompetent." *Dulany*, 132 F.3d at 1240. "Mere negligence or medical

---

[4] The Court notes that in his affidavit, Defendant Edwards states that when he discovered that the unit physician had prescribed Amitriptyline to Plaintiff, he discussed his decision to discontinue this medication with the unit physician, and the unit physician concurred in his decision.

malpractice [] are insufficient to rise to a constitutional violation." *Estelle*, 429 U.S. at 106.[5] Plaintiff cannot create a question of fact by merely stating that he "did not feel [he] received adequate treatment." *Dulany*, 132 F.3d at 1240. Accordingly, the Court finds that Defendant Edwards is entitled to summary judgment.

    C.    *Motion to Compel*

In Plaintiff's Motion to Compel, he requests copies of documents regarding an internal affairs investigation of Defendant Edwards. Any such documents do not relate to the issues pending in this lawsuit. Further, in the Motion, Plaintiff seems to request copies of his own medical records. However, according to Plaintiff's statements, he previously was provided access to his medical records. As a result, Plaintiff has been afforded the opportunity to rebut the evidence presented in Defendant's Motion for Summary Judgment and is not entitled to copies of his medical records. Plaintiff's Motion to Compel (#41) should be DENIED.

**IV.**    <u>**Conclusion**</u>**:**

The Court recommends that Defendant's Motion for Summary Judgment (#26) be GRANTED and that Plaintiff's claims be DISMISSED WITH PREJUDICE. The Court also recommends that Plaintiff's Motion to Compel (#41) be DENIED.

---

[5] In Plaintiff's Response to the Motion for Summary Judgment, he states that Defendant Edwards "did [commit] malpractice by discontinuing [his] Amitriptyline that was prescribed by a medical doctor." In addition, in his Complaint, Plaintiff requests monetary damages for both negligence and malpractice. Such allegations are insufficient to support a constitutional claim. See *Estelle v. Gamble*, *supra*.

DATED this 4th day of March, 2009.

_____
UNITED STATES MAGISTRATE JUDGE